United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FAST MART, INC,

          Plaintiff,

    v.

CITY OF SAN JOSE,

          Defendant.

Case No. 26-cv-00631-NC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: ECF 19

Plaintiff Fast Mart alleges Defendant City of San Jose violated its' procedural due process and first amendment rights by denying a discretionary conditional use permit to sell alcohol. Defendant moves to dismiss the first amended complaint, arguing that Plaintiff failed to allege Defendant (1) deprived it of a constitutionally protectable property interest, and (2) retaliated against it for supporting a councilmember's political opponent. Defendant also contends Plaintiff failed to exhaust its' administrative remedies before filing this lawsuit.

For the reasons below, the Court GRANTS in part and DENIES in part the Motion to Dismiss with leave to amend as follows:

- GRANTS Defendant's Motion to Dismiss Plaintiff's first amendment retaliation claim with leave to amend; and

- DENIES Defendant's Motion to Dismiss Plaintiff's § 1983 claim.

## I.   BACKGROUND

### A.   Factual Background

Plaintiff alleges as follows. Plaintiff is a small neighborhood convenience market. ECF 8, FAC, ¶ 1. Plaintiff acquired the business in 2022 and applied for a conditional use permit (CUP) to sell alcohol. *Id.* ¶ 10. On September 27, 2023, the San Jose Planning Commission approved Plaintiff's CUP. *Id.*

The CUP underwent a final approval process before going into effect. FAC ¶ 11. On October 5 and 6, 2023, three appeals were filed. *Id.* Two appeals were withdrawn on October 16, 2023. *Id.* Despite the appeals being withdrawn, Defendant scheduled a City Council hearing on January 23, 2024. *Id.* On January 22, 2024, Plaintiff reviewed the City Council's agenda for the hearing and discovered that the Council would discuss an October 26, 2023, letter alleging that Fast Mart's owner intimidated one of the appellants. *Id.* At the January 2024 hearing, the City Council voted to overturn the CUP approval. *Id.* The January 2024 hearing did not afford Plaintiff a meaningful opportunity to rebut arguments presented at the hearing or respond to the October 2023 allegations. *Id.*

The City Council overturned the prior CUP approval because Councilmember Peter Ortiz knew that Plaintiff's owner had supported his political opponent and did not want Plaintiff to receive the CUP. *Id.* ¶ 30.

Plaintiff's complaint asserts Defendant (1) deprived Plaintiff of procedural due process in violation of 42 U.S.C. § 1983, and (2) retaliated against Plaintiff in violation of the first amendment.

### B.   Procedural Background

On January 21, 2026, Plaintiff filed the civil complaint in this action. ECF 1. Plaintiff filed a first amended complaint. ECF 8. Defendant filed a Motion to Dismiss. ECF 19. Plaintiff opposed. ECF 21. Defendant replied. ECF 23.

The parties consent to magistrate judge jurisdiction. ECF 5, 12.

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.  DISCUSSION

### A.  Plaintiff States a § 1983 Claim for Procedural Due Process Deprivation

Defendant argues that Plaintiff lacks a protected property interest in a legal non-conforming use or CUP. ECF 19 at 13–16. Defendant also contends it provided adequate due process because it properly followed the municipal code. *Id.* at 16–17.

The Fourteenth Amendment's Due Process Clause prohibits federal and state governments from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To state a procedural due process claim, a plaintiff must establish "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). The Court will analyze each factor in turn below.

### i.  Deprivation of a Constitutionally Protected Property Interest

"To have a property interest in a benefit, a person clearly must have more than an

*United States District Court*
*Northern District of California*

3

abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." *Greenwood v. F.A.A.*, 28 F.3d 971, 976 (9th Cir. 1994) (quoting *Board of Regents*, 408 U.S. 564, 577 (1972)).  "Property interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source.'" *Id.* (quoting *Board of Regents*, 408 U.S. at 577).  "A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from 'existing rules or understandings that stem from an independent source such as state law.'" *Wedges/Ledges of Cal., Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994).  "Although procedural requirements ordinarily do not transform a unilateral expectation into a protected property interest, such an interest is created if the procedural requirements are intended to be a significant substantive restriction on . . . decision making." *Id.* (cleaned up).

The San Jose Municipal Code (SJMC) provides for either a legal nonconforming land use or CUP.  §§ 20.200.610, 20.100.110.[1]  For the reasons discussed below, Plaintiff states a protectable property interest in a CUP.

### a.    Plaintiff Cannot State a Property Interest in a Legal Nonconforming Land Use

The FAC alleges that the market previously sold alcoholic beverages under an ABC license, which was suspended in 2018.  FAC ¶¶ 16, 18.  The then owner challenged the action in court, which concluded in 2020.  *Id.* ¶ 18.  The next owner filed a CUP application in 2020.  *Id.*  Plaintiff assumed ownership in 2022 and filed the completed CUP application.  *Id.*  The FAC alleges that Defendant never issued a formal determination that the ABC license was abandoned.  *Id.* ¶¶ 19–20.

---

[1] The Court grants Defendant's request for judicial notice of SJMC provisions and other matters of public record.  *See Hernandez v. City of San Jose*, Case No. 16-cv-03957-LHK, 2016 WL 5944095, at *5 n.1 (N.D. Cal. Oct. 13, 2016) (taking notice of provisions of the San Jose Municipal Code as indisputably accurate sources and as "legislative facts").  The Court takes judicial notice of the existence of the documents, but not the truth of the facts contained therein.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

United States District Court
Northern District of California

A legal nonconforming land use allows nonconforming use to be continued indefinitely, but "if such use is discontinued or abandoned for a period of six months or more, it shall thereafter conform to the provisions of this title." SJMC § 20.150.020(A).

The FAC fails to allege a property interest in a legal nonconforming land use because there never was such a use. The FAC states that the market sold alcohol under an ABC license, which was suspended. FAC ¶ 18. After the ABC license suspension, the market did not sell alcohol. *Id.* Nonconforming land use requires just that—a use—but here, once the license was suspended, there were no alcohol sales. As such, Plaintiff has failed to state a constitutionally protected property interest in a legal nonconforming use.

b.      **Plaintiff States a Protected Property Interest in a CUP**

Plaintiff has a protectable property interest in the CUP because the Planning Commission and City Council had limited discretion in their decision to grant or deny the CUP application. The City Council and Planning Commission "may" issue a CUP "only" after findings that such application complies with the remainder of the code. SJMC § 20.100.720. Though "may" suggests some discretion in granting or denying a CUP application, the provision's requirement that allows issuance "only" after compliance with various factors is a "significant limitation[] on the discretion of the decision maker." *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1019 (9th Cir. 2011) (quoting *Braswell v. Shoreline Fire Dep't*, 622 F.3d 1099, 1102 (9th Cir. 2010)).

Each of the SJMC § 20.100.720 factors significantly restrains the Planning Commission and City Council's discretion. For example, SJMC § 20.100.720(A)(4)(a) states that the CUP may be approved if the proposed use will not "[a]dversely affect the peace, health, safety, morals or welfare of persons residing or working in the surrounding area." This factor does not allow either the Planning Commission or the City Council to "rest its decision on anything other than the [adverse health and safety] determination." *Wedges/Ledges of California, Inc.*, 24 F.3d at 63. Applicants have a protectable property interest where city codes do "not provide any open-ended discretionary factors." *Foss v. Natl. Marine Fisheries Serv.*, 161 F.3d 584 (9th Cir. 1998) (quoting *Wedges/Ledges of*

5

*Cal., Inc.*, 24 F.3d at 63). Such is the case here.

Defendant argues that this case is comparable to *Oregon Ent. Corp. v. City of Beaverton*, 233 Fed. Appx. 618 (9th Cir. 2007) (unpublished). There, the court found that the city's code provisions left "ultimate disposition to the discretion of the decisionmaker" because it provided that conditional uses "may be permitted" and such permitting decisions explicitly "require[d] the exercise of substantial discretion." *Id.* at 619. Though SJMC § 20.100.720 also states that CUPs "may" be issued, there is no comparable language to that in *Oregon* expressly reserving "the exercise of substantial discretion." *Id.* Without such clear language and at this early stage in the case, the Court finds Plaintiff has stated a protectable property interest in the CUP.

### ii.    Plaintiff Alleges Plausible Procedural Process Violations

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). As such, before depriving a party of a property interest, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Robinson v. Hanrahan*, 409 U.S. 38, 39–40 (1972) (citations omitted). To determine what procedural protections are required in a particular case, a court considers several factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

Plaintiff alleges that (1) the private interest was substantial because it impacted the economic viability the business; (2) the risk was high because Defendant proceeded on last-minute accusations and invalid appeals under political bias; and (3) Defendant's interests would not be burdened by advance notice, verification of serious accusations, and

6

recusal of biased decisionmakers. FAC ¶ 66. Defendant has not attempted to explain why due process was adequate based on the *Mathews* factors. "Because of its inherent differences from the judicial process, administrative proceedings in particular must be carefully assessed to determine what process is due given the specific circumstances involved." *Ching v. Mayorkas*, 725 F.3d 1149, 1157 (9th Cir. 2013). At this early stage in the case, Plaintiff's allegations are sufficient. The Court also finds that "[t]he three [*Mathews*] factors require factual analysis and is not susceptible to a 12(b)(6) motion." *City of Oakland v. Abend*, No. C-07-2142 EMC, 2007 WL 2023506, at *8 (N.D. Cal. July 12, 2007) (citation omitted).

Defendant argues that it did not deny Plaintiff procedural due process because it followed SJMC appeal procedures, relying on *Contest Promotions, LLC v. City and Cnty. of S.F.*, No. 15-cv-00093-SI, 2015 WL 4571564 (N.D. Cal. July 28, 2015), *aff'd*, 704 Fed. Appx. 665 (9th Cir. 2017) (unpublished). *Contest Promotions* is distinguishable because there the plaintiff alleged the city lacked a permit denial appeal process. *Id.* at *5. The court found the city's code did provide an appellate review process. *Id.* Here, Plaintiff challenges the appellate review conducted in its' case, rather than just whether Defendant has an available appellate review procedure. *See, e.g.*, FAC ¶¶ 38, 42, 55, 58. Moreover, "a federal due process claim cannot be grounded on the violation of a procedural right created by *state law*." *FlightCar, Inc. v. City of Millbrae*, No. C 13-5802 SBA, 2014 WL 2753879, at *6 (N.D. Cal. June 16, 2014) (citing *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012)) (emphasis in original). So, Defendant's argument that it followed its' review procedure fails to demonstrate adequate due process. *Id.* (the Due Process clause itself determines what process is due). Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's due process claim.

**B.      Plaintiff's § 1983 Claim is not Subject to Administrative Remedy Exhaustion**

Defendant argues that because Plaintiff failed seek a California Code of Civil Procedure § 1094.5 writ of mandate, it failed to exhaust its' administrative remedies and

United States District Court
Northern District of California

cannot now assert a § 1983 claim. ECF 19 at 17.

Plaintiff need not exhaust administrative remedies to bring its' § 1983 claim. "The doctrine of judicial exhaustion does not apply to § 1983 actions in federal court and it is well established that a § 1983 plaintiff need not exhaust State remedies prior to bringing a federal civil rights claim." *Alarcon v. Bostic*, No. 15-cv-1606-MMA (RBM), 2019 WL 2088838, at *5 (S.D. Cal. May 13, 2019), *aff'd sub nom. Garcia v. Bostic*, 818 Fed. Appx. 686 (9th Cir. 2020) (unpublished) (citing *Embury v. King*, 191 F. Supp. 2d 1071, 1082–83 (N.D. Cal. 2001)).

Defendant confuses and conflates judicial exhaustion with claim preclusion, which does apply to § 1983 actions. *Embury*, 191 F. Supp. 2d at 1083. However, claim preclusion would not bar Plaintiff's claims either. *Id.* An administrative ruling is entitled to preclusive effect only when three "fairness" requirements are met: (1) the administrative agency must act in a judicial capacity, (2) the agency must resolve disputed issues of fact properly before it, and (3) the parties must have had an adequate opportunity to litigate. *Embury*, 191 F. Supp. 2d at 1082 (citing *Miller v. Cnty. of Santa Cruz*, 39 F.3d 1030, 1033 (9th Cir.1994)). Plaintiff alleges the ruling was unfair because Defendant provided last-minute evidence without affording Plaintiff a chance to investigate and precluded Plaintiff from meaningfully responding or presenting responsive evidence. FAC ¶ 55. These allegations sufficiently state that Defendant did not allow Plaintiff an adequate opportunity to litigate. Section 1094.5 "does not provide an opportunity for Petitioner to present additional evidence in support of a writ" because it is "conducted solely on the record of the proceeding before the administrative record." *Embury*, 191 F. Supp. 2d at 1032 (quoting *Pomona Valley Hosp. Med. Center. v. Super. Ct.*, 55 Cal. App. 4th 93, 101 (1997)). So, where as here, Plaintiff alleges that it was not able to present evidence or respond meaningfully, "review of the administrative record is insufficient to provide an adequate opportunity to litigate." *Id.* Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's § 1983 claim for failure to exhaust administrative remedies

8

### C.  Plaintiff Fails to State a First Amendment Retaliation Claim

To state a first amendment retaliation claim, Plaintiff must plausibly allege that "(1) [it] was engaged in a constitutionally protected activity, (2) Defendant['s] actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in Defendant['s] conduct." *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (quoting *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)).

Plaintiff fails to state a first amendment claim because the alleged political activity is that of its' owner, Jintender Singh Gerwal, not Fast Mart itself. Plaintiff alleges that Gerwal supported Councilmember Peter Ortiz's political opponent so "Plaintiff (through its owner and operator acting as Plaintiff's authorized representative and spokesperson, and as the public face of the business) engaged in core First Amendment Activity." FAC ¶¶ 30, 72. The Court is not convinced by these conclusory allegations that Fast Mart, not Gerwal, contested Ortiz's candidacy. Simply because Gerwal, as Fast Mart's owner, engaged in political activity does not automatically attribute it to Fast Mart. *Cf. Ariz. Students' Assn. v. Ariz. Bd. of Regents*, 824 F.3d 858, 868 (9th Cir. 2016) (Plaintiff, non-profit corporation, stated a first amendment claim where Plaintiff itself engaged in political speech). While Gerwal may assert a first amendment retaliation claim, Plaintiff cannot do so on his behalf. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1318–19 (9th Cir. 1989) ("The first amendment rights that were allegedly violated belong to [the shareholder], not the corporation. [The shareholder] clearly has standing to contest the deprivation of those rights.").

Plaintiff could resolve this deficiency in the pleading. Plaintiff could add Gerwal as a party and state a claim for first amendment retaliation on his behalf for conduct which caused injury to him and his corporation. *Soranno's Gasco, Inc.*, 874 F.2d at 1319 ("the same conduct can result in both corporate and individual injuries"). Alternatively, Plaintiff could allege more facts to demonstrate that it engaged in political conduct itself. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's first amendment

retaliation claim with leave to amend. Plaintiff may add Gerwal as a party and allege a first amendment claim on his behalf. No other claims or parties may be added without the Court's approval.

## IV. CONCLUSION

Accordingly, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss as follows:

- GRANTS Defendant's Motion to Dismiss Plaintiff's first amendment retaliation claim with leave to amend; and
- DENIES Defendant's Motion to Dismiss Plaintiff's procedural due process claim.

By June 1, 2026, Plaintiff may amend or file notice that it does not seek to amend. Plaintiff may add a first amendment retaliation claim as to Gerwal but may not add any other additional parties or claims without leave of Court. Defendant need not answer the first amended complaint while waiting for Plaintiff's June 1, 2026, response. Rather, Defendant must answer or respond within twenty-one days after Plaintiff's June 1, 2026, filing.

**IT IS SO ORDERED.**

Dated: May 4, 2026

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

10